UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| BGT GROUP, INC., Plaintiff, v. VULCAN CAPITAL MANAGEMENT, INC., ET AL., Defendants. | ) | Civil Action No. 2:07-cv-816-FtM-34DNF |

**PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY REGARDING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, BGT GROUP, INC. ("BGT"), by and through its undersigned attorneys, moves this Court for an Order permitting Plaintiff to conduct jurisdictional discovery in the event it does not deny Defendants' Motion to Dismiss for Lack of Jurisdiction on the papers, and in support thereof states:

1. On January 8, 2008, Defendants filed a Motion to Dismiss and/or Transfer Venue and Memorandum in support, asserting, *inter alia*, that all of Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(2) because the Defendants were not subject to personal jurisdiction in Florida.

2. Plaintiff will respond separately to Defendants' motion with a written legal memorandum and accompanying affidavit that it believes should be sufficient to deny Defendants' motion to dismiss on jurisdictional grounds. However, in the event the Court does not deny that motion on the papers, Plaintiff respectfully submits that it is entitled to

jurisdictional discovery for all the reasons set forth in its accompanying Memorandum of Law.

3. Under the Federal Rules of Civil Procedure, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(d). Pursuant to M.D. Fla. L.R 3.05(B), on February 1, 2008, counsel for the parties conferred and communicated regarding the Case Management Report. However, the parties have not yet agreed to the final form of a Case Management Report.

## MEMORANDUM OF LAW

In their motion to dismiss and memorandum in support, Defendants contend that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) because they are not subject to personal jurisdiction in Florida under principles of either general or specific jurisdiction. *See* Defendants' Memorandum of Law, pp. 4-15. Although Plaintiff opposes Defendants' position and will file a response separately in opposition to Defendants' motion, Plaintiff respectfully submits that jurisdictional discovery may be necessary to the extent this Court does not deny Defendants' motion on the papers. Accordingly, Plaintiff respectfully submits that it is entitled to jurisdictional discovery regarding Defendants' contacts with this forum, if necessary to dispose of Defendants' jurisdictional motion, for all of the reasons set forth herein.

When considering jurisdictional discovery, it is well established that a qualified right to jurisdictional discovery exists. Eaton v. Dorchester Development, Inc., 692 F.2d 727, 729-731 (11th Cir. 1982). Discovery is not limited to the merits of a case and is

available to ascertain the facts bearing on issues such as jurisdiction or venue. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978). ("Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues.") Id. at n.13. As a result, "'[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" Diamond Chem. Co. v. Atofina Chems., Inc., 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003).

Courts within the Eleventh Circuit Court of Appeals routinely hold that jurisdictional discovery is highly favored before ruling upon jurisdictional challenges under Rule 12(b)(2). Steinberg v. A Analyst Ltd., 2007 WL 4287665 (S.D. Fla. 2007). Similarly, the Fifth Circuit Court of Appeals has held that a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made. Blanco v. Carigulf Lines, 632 F.2d 656, 657 (5th Cir. 1980)[1] ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); see also, Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).

The Supreme Court of Florida has also adopted the federal court's policy permitting discovery on questions of jurisdiction because such discovery will equip the trial court with additional information on which to base its decision regarding personal

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the 11th Circuit adopted as binding precedent all decisions of the former 5th Circuit rendered prior to the close of business on Sept. 30, 1981.

jurisdiction. Gleneagle Ship Management Co. v. Leondakos, 602 So. 2d 1282, 1284 (Fla. 1992). In the instant case, the Defendants deny that they have sufficient minimum contacts to Florida to sustain jurisdiction, notwithstanding the extensive contacts identified in Plaintiff's verified Complaint. Accordingly, Plaintiff submits that to the extent the Court has any question about whether Defendants are subject to personal jurisdiction in Florida following a review of the parties' pleadings, Plaintiff should be permitted to conduct jurisdictional discovery to demonstrate to the Court the full nature and extent of Defendants' extensive contacts with this state.

In their Memorandum of Law, Defendants argue that this Court lacks jurisdiction over the Defendants since they "are not present in Florida and do not conduct business here." [2] Defendants further argue that they have no offices, facilities, properties, employees or telephone numbers in Florida, and further assert that they "neither solicit[] or conduct[] business in Florida on any regular basis, and neither derive[] any significant revenue from Florida." Id.

In its Verified Complaint, Plaintiff has preliminarily identified Defendants' substantial contacts with Florida, see, e.g., paragraphs 21, 22, 23, 26, 27, 36, 194 of Verified Complaint, and will submit via its formal written response to Defendants' motion additional facts in affidavit form sufficient to support personal jurisdiction in this case. As a result, Plaintiff believes that these two submissions will show that it has met its burden of proving this Court's jurisdiction over the Defendants and that the assertion

---

[2] See Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, page 2, and the Declaration of Kevin C. Davis, ¶¶ 10-14.

of jurisdiction over Defendants comports with the constitutional requirements of due process.

However, to the extent any questions regarding jurisdiction remain, Plaintiff is entitled to pursue additional discovery relating to Defendants' contacts to this forum, both through written discovery and depositions of key representatives of the Defendants. Such jurisdictional discovery would relate both to the commercial relationship between Plaintiff and Defendants at issue in this lawsuit as well as Defendants' substantial contacts with the state as a whole. Specifically, Plaintiff seeks to propound limited written jurisdictional discovery requests to determine what additional information and documentation Defendants have in their possession related to the dealings between the parties, in addition to conducting depositions of certain key officers and directors of the various Vulcan entities including, but not limited, to Kevin Davis, Ford Graham, William Oglesby and Gerald Campbell, with respect to jurisdictional issues.

WHEREFORE, for all of the foregoing reasons, Plaintiff, BGT GROUP, INC., respectfully requests that this Court grant its motion to conduct jurisdictional discovery in the event this Court does not deny Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) based solely upon the parties' written submissions, and for such other and further relief as it may deem just and proper.

Dated this 5th day of February 2008.

COHEN & GRIGSBY, P.C.

/s/ Jason Hunter Korn
BY: Jason Hunter Korn
Florida Bar No. 0066117
Brian A. Williams
Florida Bar No. 0618663
27200 Riverview Center Blvd., Suite 309
Bonita Springs, Florida 34134
Telephone: (239) 390-1914
Facsimile: (239) 390-1901
E-mail: jkorn@cohenlaw.com
E-mail: brian.williams@cohenlaw.com

Morgan J. Hanson
Pennsylvania Bar No. 88777
Cohen & Grigsby, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222
Telephone: (412) 297-4900
Facsimile: (412) 209-0672
E-mail: mhanson@cohenlaw.com

Attorneys for Plaintiff

## LOCAL RULE 3.01(g) CERTIFICATION

Prior to filing this Motion, the undersigned counsel for Plaintiff conferred with counsel for Defendants. Defendants' counsel did not agree to the relief requested.

COHEN & GRIGSBY, P.C.

/s/ Jason Hunter Korn
BY: Jason Hunter Korn
Florida Bar No. 0066117
27200 Riverview Center Blvd., Suite 309
Bonita Springs, Florida 34134
Telephone: (239) 390-1914
Facsimile: (239) 390-1901
E-mail: jkorn@cohenlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 5, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Gregory Woods, Esq.
Grant, Fridkin, Pearson, Athan & Crown, P.A.
5551 Ridgewood Drive, Suite 501
Naples, Florida 34108-2719

James H. Neale, Esq.
Erica A. Reed, Esq.
Fulbright & Jaworski, L.L.P
666 Fifth Avenue
New York, NY 10103

COHEN & GRIGSBY, P.C.

/s/ Jason Hunter Korn
BY: Jason Hunter Korn
Florida Bar No. 0066117
27200 Riverview Center Blvd., Suite 309
Bonita Springs, Florida 34134
Telephone: (239) 390-1914
Facsimile: (239) 390-1901
E-mail: jkorn@cohenlaw.com

Attorneys for Plaintiff

1300375_1.DOC